## BRADLYN v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 28, 1935

Morris Mendelssohn, Youngstown, for plaintiff in error.

Wm. Spagnola, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

It is insisted here by counsel for the State of Ohio that the Common Pleas Court was without jurisdiction under these circumstances to grant the leave to file the second petition in error in that court. With this contention we do not agree, as §13459-4 GC specifically provides that petition in error may be filed **after thirty days** from the judgment (in the Municipal Court) on leave of the (Common Pleas) Court. We can see no reason for holding that the discretion reposed in the Common Pleas Court is in any way affected by the fact that no praecipe was filed or summons served upon the first petition in error. The situation was as though no petition in error had been filed within thirty days. The motion to strike the first petition in error from the files not having been sustained by the court prior to the granting of the leave to file the second petition in error, this court has felt it unnecessary to determine whether or not a new petition in error may be filed upon leave of court after an original petition has been stricken from the files because of the failure to file praecipe and cause summons to be issued thereon.

Coming now to consider the errors assigned in the petition in error of Sarah Bradlyn, and urged in the brief of plaintiff in error, the second, third and fourth grounds of error set forth in the petition in error relate to the weight of the evidence, it being claimed by plaintiff in error that the testimony on behalf of the state was insufficient to warrant a conviction of the defendant beyond a reasonable doubt and that there was no proof of the corpus delicti. An examination of the record shows that the plaintiff in error on the day alleged in the affidavit was in the store place of business of the W. T. Grant Company in the city of Youngstown; that one Catherine Palmer, at the time of the incident which is the subject of this prosecution, was employed by the W. T. Grant Company as a saleswoman; that the defendant below, Sarah Bradlyn, was standing in the store at Miss Palmer's counter, on which clocks were displayed; that Miss Palmer was waiting on a customer and when she got through waiting on the customer she approached Sarah Bradlyn and asked her if she wanted to be waited upon; that Mrs. Bradlyn appeared to be very nervous and said she didn't need anything. Miss Palmer testified, on cross examination, that the reason that she thought this clock was taken by the defendant was because Mrs. Bradlyn appeared very nervous. When Miss Palmer finished waiting upon her customer, she noticed one of the clocks missing and stated that the reason she knew it was missing was because of the manner in which these clocks were arranged on the counter. Miss Palmer notified Mr. Bailey, also in the employ of the W. T. Grant Company, who followed

plaintiff in error out of the store and through several streets, and on to and partly over the Market Street bridge, spanning the Mahoning River. At the time, the defendant below was carrying a shopping bag. Mr. Bailey first asked Mrs. Bradlyn if she had forgotten something, to which she replied "No." Shortly thereafter, the defendant below threw the shopping bag over the Market Street bridge, and it lighted on some brush beside the Mahoning River. Mr. Bailey proceeded to this spot where the shopping bag lighted, found the same, and upon examination found that the shopping bag contained an alarm clock, which Mr. Bailey testified as being the property of the W. T. Grant Company. In the bag were several other articles including a doll, an ash tray and a deck of cards. Mr. Bailey testified further that the defendant below struck him in the face, and that he grabbed her on the wrist as a matter of protection; that she thereupon threw the shopping bag over the side of the bridge. Mr. Bailey further testified that the alarm clock, which was identified by him as being the alarm clock of the W. T. Grant Company, was on the same day taken to the police station and delivered over to Captain Roberts, in charge at the desk. The alarm clock was afterwards lost and was not in evidence at the trial, but we can find no error in connection with the failure to produce the alarm clock. On the same day, Mr. Bailey, accompanied by Mr. Rochford, went to the home of Mrs. Bradlyn, and there, in the presence of Mr. Bailey, Mr. Rochford had a conversation with Mrs. Bradlyn, and testifies that the defendant below admitted that she had taken an alarm clock at the store of the W. T. Grant Company. We find no error in the admission of the testimony of Mr. Rochford and Mr. Bailey as to the conversation between the defendant below and Mr. Rochford.

The affidavit was filed against Mrs. Bradlyn on the same day that the above occurrences are alleged to have. taken place. Clearly, the testimony. above referred to, as well as all of the testimony introduced at the trial, was sufficient to show the guilt of the defendant below beyond a reasonable doubt. We must consider this case as though the same had been tried to a jury, although a jury was waived and the cause submitted to the court. The court saw the witnesses and gave to their testimony such weight and credit as to the court seemed proper. It is not the province of this court to disturb the judgment of the trial court, unless the finding of that court was manifestly against the weight of the evidence required in a criminal case, and we can not so find.

Error is claimed in the admission of the testimony of Captain Roberts, a witness called on behalf of the State, who prefaced his remarks by saying:

"Now, anything I will testify is hearsay testimony. I personally don't know a thing. The only thing I do know is that I saw an alarm clock that had been delivered to me on the day that this defendant, Sarah Bradlyn, was brought to the police station and placed under arrest."

We find no error in the admission of this testimony, as Captain Roberts did not offer any hearsay testimony, but only the fact which is within his personal knowledge, that he saw an alarm clock that had been delivered to him on the date that the defendant below was brought to the police station and placed under arrest.

The fifth and sixth grounds of error set forth in the petition in error are that the verdict is contrary to law, and that there were errors of law occurring at the trial and excepted to by plaintiff in error. No particular errors of law are called to our attention and a careful examination of the record discloses no errors of law occurring at the trial, and we can not find that the verdict is contrary to law.

The first ground of error set forth in the petition in error is that there were irregularities in the proceedings of the court, by which plaintiff in error was prevented from having a fair trial. There have not been pointed out to the court any irregularities in the proceedings prejudicial to the rights of the defendant below, or which prevented her from having a fair trial, and we find that she did have a fair trial.

The seventh ground of error set forth in the petition in error is the ground of newly discovered evidence. Nothing has been presented to this court in relation to this ground. We find no errors apparent on the face of the record after careful consideration of all the errors claimed by counsel for plaintiff in error. The judgment of the trial court and of the Common Pleas Court is affirmed. This court might well have adopted the splendid opinion delivered by the Honorable H. C. Hoffman, Judge of the Municipal Court, before whom this case was tried.

Judgment affirmed and cause remanded to the Municipal Court to carry into execution the sentence of that court.

CARTER and ROBERTS, JJ, concur.